**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE: COREY J. ALLARD**                    **BK No. 1:22-bk-10026**
                                              **Chapter 7**

**CREDITORS, ANDREW GOLD AND DANIEL RIBEIRO'S OBJECTION TO DEBTOR'S MOTION TO RE-OPEN**

NOW COMES, Creditors, Andrew Gold and Daniel Ribeiro (hereinafter collectively referred to as the "Creditors") and hereby Object to the Debtor, Corey J. Allard's (hereinafter referred to as the "Debtor") Motion to Re-Open. In support of the Creditors' Objection the Creditors allege as follows:

**I.      RELEVANT FACTUAL BACKGROUND**

The Debtor is a member of the Rhode Island Bar Association and practicing attorney in the State of Rhode Island. The Debtor holds himself out as a sole proprietor, the owner of the Law Office of Corey J. Allard. In or about January of 2015, the Creditors engaged the Debtor as their legal counsel to represent their interest and defend them in a civil action brought in the United States District Court for the District of Rhode Island, entitled *ShelaLara Vineyards and Winery, Inc., et al. v. The Purple Cat Vineyard and Winery, Inc.*, et al., C.A. No. 15-001-M-LDA (hereinafter referred to as the "Purple Cat Matter"). The Debtor represented and held himself out to the Creditors as an experienced and successful trial attorney.

On or about August 16, 2016, the plaintiffs in the Purple Cat Matter (hereinafter referred to as the "Purple Cat Plaintiffs") served upon the Creditors request for production of documents, pursuant to Federal Rule of Civil Procedure 34. The responses to the discovery requests were due

1

on or about September 19, 2016. The Debtor failed to timely respond to the document production request. On or about October 31, 2016 the Purple Cat Plaintiffs filed a Motion to Compel the outstanding discovery responses. The Debtor failed to timely respond to the Motion to Compel or produce the outstanding discovery responses. On or about December 2, 2016, the Purple Cat Plaintiffs filed another Motion to Compel, requesting the request for responses and sanctions. The Rhode Island Federal District Court granted the second Motion to Compel, and ordered the Creditors to respond by December 9, 2016. On or about December 11, 2016, the Debtor responded to the discovery requests, providing blanket and unsubstantiated objections and providing minimal substantive responses.

On or about January 11, 2017, the Purple Cat Plaintiffs filed a Motion for Sanctions against the Creditors, based upon the Creditor's failure to produce responsive document. On or about February 6, 2017, Chief Judge McConnell granted the Purple Cat Plaintiffs' Motion for Sanctions, allowing the Purple Cat Plaintiffs to submit a list of deemed established facts, preventing the Plaintiff from putting forth a defense or introducing evidence at trial or pursuing their claims against the Purple cat Plaintiffs. The sanctions also included granting the Purple Cat Plaintiffs attorney fees and expenses incurred in pursing document production and their motions. At no point in time did the Debtor inform the Creditors of their obligation to respond to the discovery requests nor did he inform the Creditors of the sanctions issued against them.

On or about May 15, 2017, the Purple Cat Matter proceeded to a three (3) day trial. The Debtor failed to notify the Creditors of the trial. The Creditors were notified of the trial when the Creditor, Daniel Ribeiro was served with a subpoena on May 5, 2017, to appear and testify at trial. The Debtor failed to prepare for trial and failed to call material witnesses to assist in the Creditors'

defense and counterclaims. On or about May 19, 2017, the jury returned a verdict in favor of the Purple Cat Plaintiffs and against the Creditors. Judgment was entered in the amount of Three Hundred Thousand Dollars ($300,000) jointly against the Plaintiffs, as well as an additional Twenty Five Thousand Dollars ($25,000.00) individually against the Plaintiffs, and jointly for attorneys' fees and costs in the amount of One Hundred Six Thousand Two Hundred Forty Two and 40/100 Dollars ($106,242.40)(hereinafter the "Purple Cat Judgment").

In or about October of 2017, after discharging the Debtor from further representation, the Creditors discovered the Debtor's fraud, deceit, gross negligence, and legal malpractice. In or about May of 2020 the Creditors initiated an action against the Debtor for legal malpractice, breach of his contractual duty of good faith and fair dealing, misrepresentation, and breach of fiduciary duties, in Rhode Island Superior Court, Kent County, entitled *Andrew Gold and Daniel Ribeiro v. Corey J. Allard, Esq.*, Ca. No. KC-2020-0443 (hereinafter referred to as the "Superior Court Action").

On or about July 7, 2020 the Creditors obtained an entry of default against the Debtor. On or about July 6, 2021, the Creditors obtained a judgment in the total amount of Five Hundred Twenty Seven Thousand Thirty Nine and 09/100 Dollars ($527,039.09) against the Debtor/Defendant, with interest accruing at a rate of twelve percent (12%)(hereinafter referred to as the "Judgment").  Thereafter, the Creditors obtained a writ of execution in the amount of Five Hundred Thirty-Three Thousand Eight Hundred Forty Nine and 22/100 Dollars ($533,849.22)(hereinafter referred to as the "Writ of Execution"). On or about September 7, 2021, the Creditors, by constable service, served the Writ of Execution upon the Debtor. The Debtor returned the Writ of Execution unsatisfied.

The Creditors filed post-judgment interrogatories and request for production of documents, of which the Debtor ignored. On or about September 30, 2021, the Creditors filed a Motion to Compel discovery responses in the Superior Court Action. On or about October 21, 2021, the Rhode Island Superior Court, Kent County, granted the Creditors' Motion to Compel, ordering the Debtor to produce responses to the Creditors' interrogatories and request for production of documents. The Debtor failed to produces responses in accordance with the Superior Court Order granting the Plaintiffs' Motion to Compel. On or about September 30, 2021, the Plaintiffs noticed the Debtor's deposition for November 3, 2021. The Debtor failed to attend his deposition, despite being served with a Subpoena for his attendance.

On or about December 1, 2021, the Creditors filed a Motion to Adjudge the Debtor in Contempt, for violating the Superior Court Order and for failing to attend his deposition. Simultaneously, the Creditors filed a Motion for Trustee Process, requesting the Superior Court issue a Writ, attaching all property of the Debtor. The Plaintiffs Motion for Trustee Process and Motion to Adjudge was set down for a hearing on January 14, 2021.

On or about January 13, 2022, the Debtor commenced a Chapter 7 Petition with this Court (hereinafter the "Petition").  The Debtor filed his Petition for bankruptcy for the sole purpose of preventing the Plaintiffs Creditors seizing his assets, holding him in contempt, effectively evading the unpaid Judgment. On or about February 15, 2022, this Court dismissed this action, due to the Debtor's repeated failure to timely produce missing documents, schedules of income and assets.

On or about February 18, 2020, the Creditors re-filed their Motion for Trustee Process and Motion to Adjudge and set the hearing down for March 25, 2022 with the Kent County Superior

Court. It ought to be noted that the Creditors made multiple attempts to personally serve the Debtor with notice of such hearing, of which the Debtor intentionally avoided. The Debtor was aware of the scheduling hearing on the Creditors' Motion for Trustee Process and Motion to Adjudge and intentionally and willfully avoided service of the same. Now, on the eve of the scheduled hearing, the Debtor filed his Motion to Re-Open and subsequently filed his employee income records.

It ought to be noted that the Debtor intentionally failed to disclose his sole proprietorship with this Court. Further, the Debtor intentionally failed to disclose his profession license with this Court. The Debtor claims his main source of income is from his coaching position with the University of Massachusetts, Boston, and that he regularly receives income in the amount of Two Thousand Dollars ($2,000.00) from his business, of which is the practice of law. Upon review of the Rhode Island Judiciary Public Portal, from 2016 – 2022, the Debtor entered his appearance in about Two Hundred (200) cases before the Rhode Island Superior Court. While the Debtor claims he has no assets, the Debtor was actively taking clients and being retained to represent hundreds of parties in litigation.

**II.    LEGAL ARGUMENT**

The Bankruptcy Code, 11 USCS § 350(b) provides that a case may be reopened for cause. Whether to reopen a bankruptcy matter rests within the sound discretion of the court and depends on the facts of each case. *In re McGuire*, 299 B.R. 53, 55 (Bankr. D.R.I. 2003). The movant bears the burden of demonstrating that sufficient cause exists to reopen. *Colonial Sur. Co. v. Weizman*, 564 F.3d 526, 532 (1st Cir. 2009). When determining whether to reopen a case, courts have considered, among other factors, the length of time the case was closed, whether any parties would

be prejudiced were the case reopened, and the extent of the benefit which the debtor seeks to achieve by reopening. *In re McGuinness,* No. 08-10746, 2015 Bankr. LEXIS 3574, 4* (Bankr. D.R.I. Oct. 21, 2015).

Here, the Debtor has provided no explanation or reason for his failure to timely file the missing documents. The Debtor, a Rhode Island attorney, is more than well aware of the consequences of missing deadlines and failing to timely file required documents with the Court. The Debtor should have sought a second extension of time to file the required schedules with the Court. Further, due to the timing of the Debtor filing the Petition and filing the Motion to Re-Open, it is clear that the Debtor has initiated this case solely to prevent the Creditors from attaching and seizing his assets and to obtain a discharge of the debt owed to the Creditors. In the event this Court grants the Debtor's Motion to Reopen, the Creditors would be severely prejudiced. The Creditors are the largest creditors disclosed by the Debtor. The reopening of this matter prevents the Creditors from continuing with their civil lawsuit in the Rhode Island Superior Court that has been ongoing for over two years and prevents the Creditors from moving forward with their pending Motions to attach and seize the Debtor's assets. The reopening of this matter prevents the Creditors from obtaining relief of their Judgment and would potentially discharge the debt obtained in the form of the Judgment against the Debtor.

Moreover, the Debtor has made intentional false representations to this Court within his Petition and within his Creditor Verification. First and foremost, the Debtor holds a professional license as an attorney in the State of Rhode Island. The Debtor indicated on his Creditor Verification that he held no professional licenses. The Debtor is licensed as an attorney with the Rhode Island Bar Association. Upon review of the Rhode Island Judiciary Public Portal, the

Debtor has entered his appearance in Two Hundred (200) Rhode Island Superior Court cases from the time period of 2016 through 2022. The Debtor, a licensed attorney, understands what constitutes a misrepresentation and understands the severity of making misrepresentations on his Petition. The Debtor's failure to disclose his law license is a material misrepresentation made to this Court. Secondly, the Debtor failed to identify his business, the Law Office of Corey J. Allard. The Debtor also fails to identify any accounts receivable, of which is highly unlikely of a practicing attorney. The Debtor seeks a benefit, to reopen this matter and discharge his debt owed to the Creditors, all the while misleading this Court.

### III.    CONCLUSION

The Debtor, a licensed attorney in the State of Rhode Island, seeks leave to reopen this matter after failing to produce the required Verification and schedules. The Debtor understood the consequences of his action by failing to request a second extension of time or timely produce the missing documents. As explained in detail above, this Debtor has a pattern of intentionally ignoring court orders and rules of the court. The Debtor seeks leave of this Court to reopen this bankruptcy matter for the sole purpose of staying the Superior Court Action and preventing the Creditors from advancing in their collection efforts. The Debtor has mislead and made misrepresentations to this Court and, therefore, he ought not to be afforded the benefit of reopening this matter. Therefore, the Creditors respectfully pray that this Court deny the Debtor's Motion to Reopen this matter, with prejudice.

Respectfully Submitted,
Andrew Gold and Daniel Ribeiro, by
and through their Attorneys,

/s/ Vincent A. Indeglia, Esq.
Vincent A. Indeglia, Esq. (#4140)
**INDEGLIA LUTRARIO**
*Attorneys at Law*
300 Centerville Road
The Summit East, Suite 320
Warwick, RI  02886
(401) 886-9240
Fax: (401) 886-9241
vincent@indeglialaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of April, 2022:

[X] I filed and served this document through the electronic filing system on the following parties: Corey J. Allard, 649 Chalkstone Avenue, Providence, Rhode Island. The document electronically filed and served is available on the Bankruptcy Court of Rhode Island electronic portal.

/s/ *Caroline Axelrod*
